IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA CLUCK<br>7732 County Road 183<br>Fredericktown, OH 43019, | : <br> : | Case No. 2:18-cv-56 |
| Plaintiff, | : | Judge _____ |
| v. | : | |
| UNUM LIFE INSURANCE COMPANY<br>　OF AMERICA<br>c/o Unum Group<br>1 Fountain Square<br>Chattanooga, TN 37402, | : <br><br> : <br><br> : | Magistrate Judge_____ |
| Defendant. | : | |

## COMPLAINT

### Jury Demand Endorsed Hereon

For her Complaint against the Defendant, The Unum Life Insurance Company of America, the Plaintiff, Barbara Cluck, states as follows:

### Parties

1.     The Plaintiff, Barbara Cluck, a citizen and resident of Ohio, is a former employee of The Ohio State University ("OSU") and is a third-party beneficiary of a group disability insurance policy, Policy No. 121156002 (the "Policy"), issued by Unum Life Insurance Company of America to OSU.

2.     The Defendant, Unum Life Insurance Company of America ("Unum"), is an insurance company issued under the laws of this state with its principal place of business in Portland, ME and its place of incorporation in a state other than Ohio.

**Jurisdiction and Venue**

3. The Plaintiff's claim arises under the common law of Ohio, the parties are diverse, and the amount in controversy exceeds the jurisdictional amount. Jurisdiction is predicated on 28 U.S.C. §1332.

4. The Policy was issued by Unum and delivered to OSU in Columbus, Franklin County, Ohio. Venue is appropriate in the Eastern Division of the Southern District of Ohio.

**Facts Common to All Claims**

5. In June 2005, OSU hired Barbara Cluck as a medical assistant, at a wage of $2200 per month.

6. As an employee of OSU, Cluck was eligible to participate in the disability benefit program established under the Policy.

7. In February 2008, Cluck became disabled from working due to severe back pain. An MRI of the thoracic spine showed edema at T8 and T9 and a wedge compression fracture at T6.

8. Cluck applied for and began receiving short-term disability benefits, also provided by Unum under the Policy. Unum ultimately approved and paid Cluck a short-term disability benefit to May 17, 2008, when the short-term disability period expired.

9. Near the conclusion of the short-term disability period, Unum reviewed Cluck's medical status to ascertain whether she was eligible for long-term disability benefits.

10. Based on its review, Unum concluded that medical documentation supplied by Cluck and her physicians established that Cluck was "unable to stand/walk more than 10 minutes, cannot bend, lift, push/pull." Unum's report continued: "The Claimant has had persistent back pain unrelieved by steroid injections and or pain medications." According to

Unum, Cluck's physician, Dr. Taylor, reported that Cluck "has difficulty getting up on the exam table, severe pain with lying down and sitting up."

11. Unum's analysis concluded: "Based on the Claimant's history with DDD, fibromyalgia, depression, and noted physical activity limitations, it is likely" that the restrictions and limitations imposed by her doctor "are ongoing." Unum, therefore, concluded that Cluck was disabled from performing the essential functions of her own occupation and approved Cluck's long-term disability claim.

12. After two years of disability, the Policy required Cluck to show that she was disabled from performing the essential functions of "any" occupation. On May 21, 2009, Unum informed Cluck that it had determined that she was disabled from performing the essential functions of any occupation and it continued to approve her long-term disability claim.

13. In its May 21, 2009, letter, Unum wrote: "Based on the facts of your claim, as well as our clinical review, we do not anticipate a change in your medical status and therefore, have made the decision to extend our approval of your benefits, for symptoms related to the diagnosis of Degenerative Disc Disease and Fibromyalgia, through December 29, 2023."

14. Despite its promise to extend benefits through 2023, Unum reviewed Cluck's claim again in 2012. During that review, Unum reported Dr. Taylor had recorded in a December 2011 note that Cluck "is in obvious distress, cries out in pain with minimal movement and has difficulty getting on exam table, climb down or sitting up"; that Cluck experienced numbness in her right leg "leading to falls and occasional use of cane"; and that her "prognosis is limited by reported lack of insurance therefore declining nerve blocks and ablation surgery."

15. Unum concluded that it was "reasonable" to conclude that Cluck was not able to return to work and it again approved continuing benefits.

16. Unum reviewed Cluck's claim again in 2013. In this review, Unum noted that "there has been no indication of improvement" in Cluck's condition and that she was "noted to be taking increased [amounts] of Percocet." Unum concluded that Cluck "would not have sustainable predictable capacity at this time" and again approved continuing benefits.

17. Unum reviewed Cluck's claim again in 2014. Unum observed that Dr. Taylor recorded that Cluck suffered from low back pain "that radiates into both legs causing weakness" and that some days Cluck "can barely get out of bed." Unum also noted that Cluck had been transitioned "to higher dosage of narcotic medications and has not demonstrated an increase in her activities."

18. Unum concluded: "Given the lack of improvement … [Cluck] would not have sustained, predictable functional capacity." Unum therefore again continued Cluck's long-term disability benefit.

19. In May 2015, Heather Mercier, a nurse employed by Unum, reviewed Cluck's file and concluded that Cluck had the capacity to engage in full-time sedentary employment. Nurse Mercier reached this conclusion in the absence of a personal medical evaluation and in the absence of any evidence that Cluck's medical condition had improved.

20. Based on Nurse Mercier's opinion, Unum closed Cluck's claim on June 23, 2015, and informed her that it no longer considered her to be disabled.

21. Cluck's physician, Dr. Taylor, objected to Nurse Mercier's conclusion and reaffirmed her prior statements that Cluck was incapable of engaging in gainful employment.

22. After Dr. Taylor submitted additional evidence in support of Cluck's claim, two additional Unum employees, Dr. Bryan Hauser and Dr. Joseph Sentef, also reviewed Cluck's file

4

and, based solely on their file reviews, concluded that Cluck was capable of full-time employment.

23. Under the terms of the Policy, Unum was entitled to require Cluck to appear for a medical evaluation or a functional capacity evaluation for the purpose of assessing her ability to work. Unum did not ask Cluck to do so.

24. There is no medical evidence that demonstrates that Cluck's condition has improved since Unum approved her claim in 2008.

25. There is no medical evidence that Cluck's condition improved after 2014, when Unum had concluded that "Given the lack of improvement … [Cluck] would not have sustained, predictable functional capacity."

26. Although Cluck requested on multiple occasions that Unum reconsider its decision, Unum has refused to do so.

## Count I – For Breach of Contract

27. The foregoing allegations are incorporated by reference as if fully rewritten herein.

28. Cluck brings this claim under the common law of Ohio.

29. Cluck is a third-party beneficiary under the Policy.

30. Cluck remains disabled under the Policy and entitled to a monthly benefit.

31. Unum breached the terms of its Policy by closing Cluck's claim and terminating her monthly benefit.

32. As a direct and proximate cause of Unum's breach of contract, Cluck has suffered damage in the form of lost monthly disability benefits.

**Count II – For Bad Faith**

33. The foregoing allegations are incorporated by reference as if fully rewritten herein.

34. Cluck brings this claim under the common law of Ohio.

35. Not only did Unum breach its contract with Cluck, it acted in bad faith in doing so.  Unum's actions were in bad faith, *inter alia,* because:

   a. Unum was aware that Cluck was not eligible for Social Security disability benefits and that she was not eligible for benefits from the Ohio Public Employees Retirement System.  Thus, Unum knew that Cluck's sole source of income was her disability benefit payment from Unum.

   b. In 2009 Unum informed Cluck that her claim would be approved through 2023 based on the severity of her condition.  In subsequent years, Unum reneged on that commitment and ultimately it terminated those benefits.

   c. Unum approved Cluck's claim year after year based upon reports from Cluck's physician.  In 2015, Unum abruptly decided, without notice to Cluck, that a report from her physician was no longer sufficient to continue approval of her claim.

   d. Despite its knowledge that Cluck was dependent upon her disability benefits, Unum terminated Cluck's benefit without first affording her the opportunity to provide additional medical evidence.

   e. At no time did Unum inform Cluck of the information it required in order to reinstate her claim.

      f. Although Unum had the right to require Cluck to be examined by an independent physician, Unum did not exercise that right.

      g. Unum terminated Cluck's benefits based solely on the opinions of its own employees, none of whom personally examined Cluck.

36. As a direct and proximate cause of Unum's bad faith, Cluck has suffered harm, including impairment of credit due to unpaid bills.

37. Unum's actions, moreover, were in reckless disregard of Cluck's rights under the terms of the Policy.

WHEREFORE, the Plaintiff, Barbara Cluck, demands judgment in her favor and against Unum as follows:

    A. For compensatory damages for breach of contract in an amount to be determined at trial, but in no event less than $140,000;

    B. For compensatory damages for bad faith in an amount to be determined at trial, but in no event less than $100,000;

    C. For punitive damages in an amount to be determined at trial, but in no event less than $100,000;

    D. Attorney's fees and the costs of this action;

    E. Pre-judgment and post-judgment interest; and

    F. Such other and further relief as the Court determines to be just and equitable.

Respectfully submitted,

_____/s/ Tony C. Merry_____
Tony C. Merry        (0042471)
Trial Attorney
Law Offices of Tony C. Merry, LLC
7100 N. High Street, Suite 302
Worthington, Ohio  43085
(614) 372-7114
(614) 505-6109 [fax]
tmerry@tmerrylaw.com
Attorney for Plaintiff

## Jury Demand

Plaintiff demands trial by jury.

_____/s/ Tony C. Merry_____