IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BARBARA CLUCK,

    Plaintiff,

                          Case No. 2:18-cv-56
                          Judge Sarah D. Morrison
    v.                      Chief Magistrate Judge Elizabeth P. Deavers

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

    Defendant.

## ORDER

This matter is before the Court for consideration of Defendant's Unopposed Motion to File Claim File Under Seal. (ECF No. 27.) This is an action for breach of a disability insurance contract and bad faith arising under Ohio law. Defendant explains that it seeks leave to file under seal a claim file that largely contains Plaintiff's confidential personal and medical information. (*Id.*) Defendant contends that ensuring this medical information remains private is a compelling reason justifying non-disclosure of the claim file and, given the number and nature of the documents in the claim file, the requested seal is no broader than necessary. (*See id.*).

It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns,* 435 U.S. 589, 598 (1978). A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files[,]" which the United States Court of Appeals for the Sixth Circuit as described as a "long-established legal tradition." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco*

*Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the "strong presumption in favor of openness"). Therefore, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted). The Sixth Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted).

In addition, the Sixth Circuit has recently emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Grp., Inc.*, 825 F.3d at 305 (internal quotation marks and citation omitted); *see also In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) ("'[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305). Accordingly, district courts must consider "each pleading [to be] filed under seal or with redactions and to make a specific determination as to the necessity of nondisclosure in each instance" and must "bear in mind that the party seeking to file under seal must provide a 'compelling reason' to do so and demonstrate that the seal is 'narrowly tailored to serve that reason.'" *In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 940 (quoting *Shane Grp.*, 825 F.3d at 305). If a district court "permits a pleading to be filed under seal or with redactions, it shall be incumbent upon the court to adequately explain 'why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary.'" *Id*. (quoting *Shane Grp., Inc.*, 825 F.3d at 306).

Applying the foregoing considerations to this case, the Court finds that the public has some interest in this action, which arises from Defendant's denial of disability benefits. However, the information sought to be sealed are Plaintiff's medical records and private health information. The Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), a federal law that seeks to ensure the security and privacy of health information, *Wade v. Vabnick-Wener*, 922 F. Supp. 2d 679, 687 (W.D. Tenn. 2010), represents a "strong federal policy in favor of protecting the privacy of patient medical records." *Law v. Zuckerman*, 307 F. Supp. 2d 705, 711 (D. Md. 2004). In addition, Ohio courts have found the state statute governing Ohio's physician-patient privilege, Ohio Revised Code § 2317.02(B), is even "more stringent than HIPAA, and therefore is not preempted, because it 'prohibits use or disclosure of health information when such use or disclosure would be allowed under HIPAA.'" *Turk v. Oiler*, 732 F. Supp. 2d 758, 771 (N.D. Ohio 2010) (citations omitted) (collecting cases).

After weighing these competing interests, the Court finds that the strong policy and interest in protecting the non-disclosure of private health information outweighs the public's modest interest in disclosure of these materials in this case. *See Law*, 307 F. Supp. 2d at 711; *Turk*, 732 F. Supp. 2d at 771; *Shane Grp., Inc.*, 825 F.3d at 305. Sealing Plaintiff's medical records and private health information is in accordance with the strong policy of HIPAA and Ohio Revised Code Section 2317.02(B) of protecting patient information. *Id*. Finally, under the circumstances of this particular case only, permitting Defendant to file the entire claim file under seal "is no broader than necessary" to protect that information. *In re Nat'l Prescription Opiate Litig.*, 927 F. 3d at 940 (citations and internal quotation marks omitted).

For all these reasons, Defendant's Unopposed Motion to File Claim File Under Seal (ECF No. 27) is **GRANTED**. The Clerk is **DIRECTED** to accept for filing under seal the claim file in this case.

**IT IS SO ORDERED.**

Date: November 25, 2019            /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
CHIEF UNITED STATES MAGISTRATE JUDGE