IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BARBARA CLUCK, | Case No. 2:18-cv-00056 |
| Plaintiff, | Judge Sarah D. Morrison |
| v. | Magistrate Judge Elizabeth Preston Deavers |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | STIPULATED PROTECTIVE ORDER |
| Defendant. | |

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope.** Documents produced by Unum Life Insurance Company of America ("Unum") in response to the Court's Order dated February 28, 2020 (Doc. No. 60) regarding Plaintiff's Motion to Compel.

2. **Form and Timing of Designation.** Unum may designate the documents as confidential information by placing or affixing the words "CONFIDENTIAL" on the document production in a manner that will not interfere with the legibility of the documents. Any such designation shall be made at the time of production.

If timely corrected, an inadvertent failure to designate documents as "CONFIDENTIAL" does not, standing alone, waive Unum's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, upon timely notification of the designation, Plaintiff will make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

3. **Depositions.** Any "CONFIDENTIAL" documents marked as deposition exhibits

1

shall be sealed separately from the remainder of the deposition transcript and exhibits. When a party uses or refers to "CONFIDENTIAL" materials at a deposition, at the request of the party asserting confidentiality, the portion of the deposition transcript that relates to such documents or information shall be stamped "CONFIDENTIAL" and sealed separately from the remainder of the transcript, and shall be treated as "CONFIDENTIAL" under the provisions of this Order.

Deposition testimony shall be deemed "CONFIDENTIAL" only if designated as such. Any party may, within thirty (30) days after receiving a deposition transcript, designate specific portions of the transcript as "CONFIDENTIAL." Until expiration of the 30-day period, the entire deposition transcript, and all exhibits, will be treated as confidential under the provisions of this Order. If no party timely designates deposition testimony or exhibits from the deposition as being "CONFIDENTIAL," none of the deposition testimony or exhibits will be treated as confidential. If a timely "CONFIDENTIAL" designation is made, the confidential portions and exhibits shall be sealed separately from the remaining portions of the deposition.

4. **Protection of Confidential Material**.

   **(a) General Protections.** Documents designated "CONFIDENTIAL" under this Order shall not be used or disclosed by the parties or counsel for the parties for any purpose whatsoever other than to prepare for and to conduct discovery; to draft pleadings; and to prepare for and participate in any trial of this action, including any appeal.

   **(b) Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any "CONFIDENTIAL" documents to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated "CONFIDENTIAL"

2

(1) **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for this action;

(2) **Parties.** Parties and employees of a party to this Order.

(3) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(4) **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in this action, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

(5) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

5. **Filing of "CONFIDENTIAL" Documents Under Seal.** The parties agree that only confidential portions of relevant documents are subject to sealing. To the extent that a brief, memorandum, or pleading references any document marked as "CONFIDENTIAL," then the brief, memorandum, or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the precise contents of any confidential information. If, however, the exact language or confidential information must be intertwined within the text of the document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing.

The parties must, in all instances, move the Court and demonstrate good cause before filing under seal. *See* S.D. Ohio Civ. R. 5.2.1.

Any and all documents that may have been subject to sealing during discovery or motion practice will not enjoy a protected or confidential designation if the matter comes on for hearing, argument, or trial in the courtroom. The hearing, argument, or trial will be public in all respects.

6. **Challenges by a Party to Designation as Confidential.** Any "CONFIDENTIAL" designation is subject to challenge by any party or non- party with standing to object. Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the "CONFIDENTIAL" designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

7. **Action by the Court.** Applications to the Court for an order relating to any documents designated "CONFIDENTIAL" shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

8. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial "CONFIDENTIAL" documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by

4

identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

9. **Obligations on Conclusion of Litigation.**

   **(a) Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   **(b) Destruction of "CONFIDENTIAL" Documents.** Within 60 days after dismissal or entry of final judgment not subject to further appeal, all documents treated as "CONFIDENTIAL" under this Order, including copies, shall be destroyed. Notwithstanding the above, counsel may retain attorney work product, including an index which refers or relates to information designated "CONFIDENTIAL" so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be "CONFIDENTIAL" under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use "CONFIDENTIAL" documents.

10. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

11. **No Admissions.** Nothing contained in this Order, nor any action taken in compliance with it, shall operate as an admission by any party that a particular document or

information (1) is, or is not, confidential; (2) is, or is not, admissible into evidence for any purpose; and (3) is, or is not, subject to inclusion in any "administrative record" filed in this cause.

12.     **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**SO ORDERED.**

Dated: *March 10, 2020*  _____
                         Judge

| WE SO STIPULATE<br>and agree to abide by the<br>terms of this Order | WE SO STIPULATE<br>and agree to abide by the<br>terms of this Order |
|---|---|
| /s/ Tony C. Merry<br>Signature | /s/ Brett K. Bacon<br>Signature |
| Counsel for Plaintiff | Counsel for Defendant |
| Dated: March 10, 2020 | Dated: March 10, 2020 |

FORM PROTECTIVE ORDER
ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA CLUCK, | ) | Case No. 2:18-cv-00056 |
| | ) | |
| Plaintiff, | ) | JUDGE SARAH D. MORRISON |
| | ) | |
| v. | ) | Magistrate Judge Elizabeth Preston Deavers |
| | ) | |
| UNUM LIFE INSURANCE COMPANY | ) | **ACKNOWLEDGMENT AND** |
| OF AMERICA, | ) | **AGREEMENT TO BE BOUND** |
| | ) | |
| Defendant. | ) | |

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated "CONFIDENTIAL" in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name:

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____  _____
                      Signature